IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| RANDY DENNISON,<br><br>Plaintiff,<br><br>vs.<br><br>JIM HICKS,<br><br>Defendant. | CV 22-093-BLG-SPW<br><br>ORDER |

Plaintiff Randy Dennison ("Dennison") has filed a 42 U.S.C. § 1983 Complaint alleging violations of his constitutional rights. (Doc. 2.) The Complaint fails to state a claim for relief and will be dismissed, unless Dennison is able to amend his Complaint in accordance with the analysis below.

I. STATEMENT OF THE CASE

A.   Parties

Dennison is incarcerated at Yellowstone County Detention Facility ("YCDF"), in Billings, Montana. He is proceeding in forma pauperis and without counsel. He names as Defendant Jim Hicks, DDS. (Doc. 2 at 1.)

B. Allegations

Dennison's allegations are that he had a tooth that needed to be pulled, and Jim Hicks, operating as the dentist at YCDF, mistakenly pulled the wrong tooth. (Doc. 2 at 2.) Dennison asserts various harms resulting from this mistake,

1

including unnecessary pain, loss of a viable tooth useful for anchoring future false teeth, and delay in having the actual infected tooth pulled. *Id.*

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Dennison is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Having screened Dennison's filing, the Court concludes Dennison's Complaint fails to state a claim. However, he will be given the opportunity to amend, as described below.

### A. Analysis of Claims

As a preliminary matter, Dennison's Complaint cites several sections of the Montana Constitution in support of his claims. A 42 U.S.C. § 1983 claim is a mechanism to vindicate a violation of federal rights, and, as such, if Dennison cannot state a federal claim, his Montana Constitutional claims must be dismissed. If he does state a federal claim, the Court may choose to exercise its supplemental jurisdiction to consider his state law claims.

Lack of medical care in a prison context may give rise to an Eighth

Amendment claim for cruel and unusual punishment, or, in the case of a pretrial detainee, a medical care claim arises under the 14th Amendment. Dennison's Complaint does not state whether he has been convicted, but at this point, the initial screening will be substantially similar. "[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1122–25 (9th Cir. 2018) (relying on *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) and concluding that the subjective deliberate indifference standard under the Eighth Amendment did not apply to pretrial detainee's inadequate medical care claim under the Fourteenth Amendment).

To state a §1983 claim for failure to provide medical care, a prisoner must allege a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir. 1986).

In the Ninth Circuit, the test for deliberate indifference to medical needs is two-pronged: (1) "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain"; and (2) "the plaintiff must show the defendant's response to the need was deliberately indifferent." *Wilhelm v.*

*Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).

The second prong requires a showing of: "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 quoting *Jett*, 439 F.3d at 1096. "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Estelle*, 429 U.S. at 104-05).

Dennison specifically claims Defendant Hicks committed malpractice by pulling the wrong tooth. (Doc. 2 at 2.) However, medical malpractice is not a proper ground for a § 1983 claim. A constitutional claim for denial of medical care requires more. "[T]o show deliberate indifference, the plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the *defendants chose this course in conscious disregard* of an excessive risk to the plaintiff's health." *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (internal quotation marks and citation omitted) (emphasis added).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the

4

Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (stating that "[d]eliberate indifference is a high legal standard.") Dennison fails to plausibly allege that Hicks was deliberately indifferent to his serious medical need. At most, he has alleged that Hicks was negligent and mistaken. However, the Court cannot state with certainty that Dennison could not amend his complaint to state such a claim. Therefore, he will be given the opportunity to amend, if he is able to add facts that plausibly allege deliberate indifference on the part of Defendant Hicks.

### III. CONCLUSION

The Court has screened Dennison's Complaint and concluded that it fails to state a claim for relief. However, Dennison will be given the opportunity to amend, if he can file an amended complaint that complies with this order. Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Any amended complaint must consist of short, plain statements telling the Court: (1) the rights Dennison believes were violated; (2) the name of the defendant(s) who violated the rights; (3) exactly what <u>each</u> defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Dennison's

rights; (5) when the alleged actions took place; and (6) what injury Dennison suffered because of that defendant's conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Based upon the foregoing, the Court issues the following:

## ORDER

1. Within fourteen days of the making of this Order, Dennison shall file an amended complaint, if he is able to do so.

2. The Clerk of Court is directed to provide Dennison with an Amended Complaint form. The Amended Complaint must contain all of Dennison's claims in one document and not refer to or incorporate other documents.

4. At all times during the pendency of this action, Dennison must immediately advise the Court of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 19th day of October, 2022.

Susan P. Watters, District Judge
United States District Court